**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | |
|---|---|
| Louise L. Davis, ) | CASE NO. 1:24 CV 1548 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | |
| ) | |
| Howmet Aerospace, Inc., et al., ) | |
| ) | **Memorandum of Opinion and Order** |
| ) | |
| Defendant. ) | |

## INTRODUCTION

This matter is before the Court upon defendant Howmet Aerospace, Inc.'s ("Howmet") Motion To Dismiss Plaintiff's First Amended Complaint (Doc. 31), defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America's ("UAW") Motion To Dismiss the First Amended Complaint (Doc. 32), and defendant United Automobile, Aerospace and Agricultural Implement Workers of America Local 1050's ("UAW Local 1050") Motion To Dismiss the First Amended Complaint (Doc. 33). This is a Section 1981 case. For the reasons that follow, the motions to dismiss are GRANTED.

## FACTS

For purposes of ruling on the pending motions, all well-plead factual allegations in plaintiff's First Amended Complaint (Doc. 30) are presumed true. Plaintiff Louise Davis ("Davis") is a member

of UAW and UAW Local 1050 and an employee of Howmet. From 2015 (when she commenced her employment) until sometime in 2017, Davis was supervised by one Darek M. Harvey ("Harvey"). Davis alleges that during this time, Harvey subjected her to harassment.[1] According to Davis, both Howmet and UAW 1050 ignored her "repeated requests to order Harvey to stop harassing her." (Doc. 30 ¶ 3.) Davis ultimately requested to transfer to another department.

Sometime around September or October 2023, Davis learned that Harvey was returning to work at Howmet and that he would again become her immediate supervisor. Davis requested a meeting with human resources to discuss Harvey's previous harassment of Davis. Davis alleges that the human resources official told her "people change." (*Id.* ¶ 6.) Harvey again became Davis's immediate supervisor and Davis alleges that the harassment resumed.

On January 8, 2024, Davis was called to a meeting with Howmet's human resources officials. Davis believed the meeting was to address Harvey's harassment. Instead, Howmet issued Davis a verbal warning for an alleged inappropriate comment she made.

Davis also claims that from November/December 2023 through on or about December 2024, she made repeated requests for UAW Local 1050 to file a grievance against Howmet based upon Harvey's harassment. UAW Local 1050 did not file a grievance related to Harvey's harassment until on or about December 27, 2024. During this same period, Davis took it upon herself to seek a civil protection order against Harvey and on March 27, 2024, the Cuyahoga

---

[1] While Davis never explicitly specifies the nature or context of this harassment, allegations in her complaint describe Harvey's harassment as racially motivated. (*E.g.*, Doc. 30 ¶ 5 ("When Harvey returned to work, he harassed [Davis] by always watching the time she returned from her breaks, when he did not treat white employees in the same manner.").)

2

County Court of Common Pleas issued an order prohibiting Harvey from any further harassment of Davis. According to Davis, "UAW Local 1050 took no action whatsoever to assist or support . . . her efforts to obtain the Order." (Doc. 30, at 4.) Further, Davis alleges that Howmet attempted to intervene as a non-party to modify the terms of Davis's civil protection order against Harvey.

Finally, Davis alleges that UAW Local 1050 engaged in fraud related to the November 2024 union election. According to Davis, Local UAW 1050 engaged in the fraud to remove one Maurice Fletcher ("Fletcher") from office because he had previously engaged in protected activity on behalf of one Robert Mercer, Jr.

Davis filed the present suit against Howmet, UAW, and UAW Local 1050 (collectively, "Defendants") on September 11, 2024, alleging three causes of action brought pursuant to 42 U.S.C. § 1981: (1) Race and Sex Discrimination, (2) Race and Sex Discrimination – Disparate Treatment, and (3) Local Union Election Fraud (Doc. 30). Davis alleges that since filing this suit, she has faced further retaliatory conduct. First, in October 2024, she was suspended for seven days without pay "based upon the unsubstantiated allegations of one person"—a friend of Harvey. (*Id.* ¶ 15.) Second, in November 2024 "Dirty Bitch" was written across her locker and Howmet has not held anyone accountable.

Defendants now each move to dismiss all the claims against them. Each argue in their respective motion to dismiss that Davis fails to state a claim for which relief can be granted against them as to any of her three causes action. Davis opposes each of the Defendants' motion to dismiss.[2]

---

[2] On several occasions throughout her oppositions to Defendants' motions to dismiss, Davis points to facts that were not included in her First Amended Complaint. It is well-established that a plaintiff

3

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations of the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, 335 F. App'x 587, 588 (6th Cir. 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). That said, the complaint must set forth "more than the bare assertion of legal conclusions." *In Re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). The Court is not required to accept as true legal conclusions or unwarranted factual inferences. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-

---

cannot amend their complaint through an opposition to a defendant's motion to dismiss. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("If plaintiffs believe that they need to supplement their complaint with additional facts to withstand a motion for judgment on the pleadings (or a motion to dismiss), they have a readily available tool: a motion to amend the complaint under Rule 15. Plaintiffs cannot, by contrast, amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." (internal citation omitted)). Accordingly, this Court did not consider any factual allegations that appeared for the first time in Davis's oppositions to the Defendants' motions to dismiss.

harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint that merely offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*

**ANALYSIS**

Davis alleges three causes of action brought pursuant to 42 U.S.C. § 1981: (1) Race and Sex Discrimination, (2) Race and Sex Discrimination – Disparate Treatment, and (3) Local Union Election Fraud. (Doc. 30.) Defendants contend that Davis's sex discrimination claims must be dismissed because "federal law is quite clear that § 1981 prohibits only race discrimination, not sex discrimination." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1231 (6th Cir. 1986). Davis concedes that Defendants are correct. (*E.g.*, Doc. 34, at 1 ("Plaintiff is not contesting [that Defendants'] statement[s] of the law relative to [her] claim for sex discrimination under 42 U.S.C. § 1981 are correct.").) Accordingly, Davis's sex discrimination claims in Count One and Count Two are dismissed.

The Court will address each of the remaining claims in turn.

**1. Race Discrimination Under Section 1981**

"A cause of action under § 1981 may be brought when a plaintiff has suffered an injury flowing from the racially-motivated breach of his contractual relationship with another party." *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013) (citing among authority *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 480 (2006)). To state a claim under Section 1981, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327, 341 (2020).

5

Courts evaluating Section 1981 claims of employer discrimination must assess whether the defendant-employer intentionally discriminated against the plaintiff-employee because of his or her race. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 153 (2000) ("The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination."). *See also Holland v. Mercy Health*, 2018 WL 6041359, at *9 (N.D. Ohio Nov. 19, 2018) ("To state a claim under § 1981, a plaintiff must plead . . . that he belongs to an identifiable class of persons who are subject to discrimination based on their race and that the defendant intended to discriminate against him on the basis of race." (quoting *Moniz v. Cox*, 512 F. App'x 495, 500 (6th Cir. 2013) (internal quotation marks omitted)).

Davis appears to base her Section 1981 race discrimination claim on the following: (1) the verbal warning she received from Howmet in January 2024; (2) Howmet's motion to intervene and modify Davis's civil protection order against Harvey; (3) the seven-day suspension she received in October 2024; (4) finding "Dirty Bitch" written on her work locker in November 2024; and (5) Defendants' failure to address Harvey's alleged harassment. As Defendants point out, however, Davis fails to allege any facts suggesting that any of these events or actions were motivated by her race. Instead, Davis includes only conclusory allegations of discrimination that fail to provide, "as required by *Twombly* and *Iqbal*, the 'sufficient factual matter' necessary to create an inference of discrimination." *Sam Han*, 541 F. App'x at 626 (dismissing Section 1981 claim because aside from pleading his race and listing adverse employment actions, plaintiff failed to allege facts beyond those "bare and conclusory assertions"). For example, Davis alleges the verbal warning was based on an inappropriate comment she made. Nowhere in her First Amended Complaint does Davis refute making such a comment. Similarly, she does not refute the underlying conduct that led to her seven-

6

day suspension. Nor does she allege that in either instance she was treated differently than white employes in similar situations. Further, her allegations acknowledge that Howmet moved to modify her civil protection order because it "caused such a disturbance of business operations at [Howmet]" (Doc. 30 ¶ 26), but there are no factual allegations that Howmet's motion was motivated by her race. Similarly, Davis alleges no facts to suggest any of the Defendants failed to act on Harvey's alleged harassment of her because of her race.[3] Lastly, she has not alleged any facts suggesting that Howmet failed to hold someone responsible for writing "Dirty Bitch" on her work locker because of her race.[4]

---

[3] Davis does allege that "following an incident [at] a Howmet company work outing in July of 2024 involving a White female employee at Defendant Howmet and another employee in a supervisory role, Defendant Howmet . . . immediately initiated and took extraordinary steps to ensure that the White female employee was protected and allowed to remain in her employment without disturbance form anyone at work including the supervisor was suddenly no longer employed at Howmet[.]" (Doc. 30 ¶ 17.) Davis, however, does not specify the nature of the "incident" and there is nothing in the First Amended Complaint that suggests the "incident" was one of racial discrimination, which is the type of discrimination Davis alleges she faced from Harvey. (*See id.* ¶ 5 (alleging Harvey's harassment was racially motivated) For this reason, Davis and the White employee she references were not "similarly situated" and Howmet's treatment of an entirely unrelated and unparallel incident is not sufficient factual matter to create an inference that Howmet intentionally discriminated against Davis because of her race. *See Jeanlouis v. Prod. Action*, 551 F. Supp. 2d 687, 693 (N.D. Ohio 2007) ("To establish that a fellow employee is comparable, 'the plaintiff [must] demonstrate that he or she is similarly situated to the [claimed comparator] in all *relevant* respects.'" (quoting *Wright v. Murray Guard*, 455 F.3d 702, 710 (6th Cir. 2006) (further citation omitted))).

[4] Despite labeling Count One and Count Two as "Race and Sex Discrimination" Davis now seems to argue her claims include allegations that Davis faced some of the above-mentioned incidents as retaliation against her for reporting the harassment of Harvey and/or pursing this litigation and/or pursuing employment discrimination litigation against Howmet in other litigation. Even assuming Davis's First Amended Complaint properly includes a claim for retaliation under Section 1981, that claim would fail. To survive a motion to dismiss for failure to state a claim, a plaintiff bringing a Section 1981 retaliation claim must plausibly allege that (1) they engaged in protected activity, (2) their exercise of that activity was known by the defendant, (3) the defendant thereafter took an action that was materially adverse to them, and (4) there was a causal connection between the protected activity and the materially adverse action. *See Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019) (noting the elements of a retaliation claim under Section 1981 are the same as those

For all the aforementioned reasons, Davis's Count One and Count Two are dismissed in their entireties against the Defendants.

### 2. Local Union Election Fraud

Davis also alleges that UAW 1050 violated Section 1981 by committing election fraud in the November 2024 UAW Local 1050 election.[5] Davis, however, fails to include any factual allegations that suggest the purported election fraud injured her, let alone injured her because of her race. *Comcast Corp.*, 589 U.S. at 341 ("To prevail [under Section 1981], a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."). To bring a claim in federal court, plaintiffs must establish that they have standing at the time the complaint is filed. *Inner City Contracting, LLC v. Charter Twp. of Northville*, 87 F.4th 743, 750 (6th Cir. 2023). To establish standing, "[p]laintiffs must show an injury or threat to a particular right of their own, not just to any general interest which the public may have in good governance." *Id.* (citations and internal quotation marks omitted).

---

under Title VII). Similarly to her race discrimination claims, Davis has failed to allege any facts creating a causal connection between her protected activities and any adverse actions by the Defendants. For example, while Davis concludes on her own that "Dirty Bitch" was written on her locker in retaliation for this lawsuit, she has not plead a single fact in her First Amended Complaint suggesting that is the case.

[5] Davis fails to allege any facts suggesting that Howmet or UAW are in any way liable for her local union election fraud claim. Davis implicitly concedes this point in her opposition to Howmet's and UAW's respective motions to dismiss. (*See* Docs. 34 & 39 (failing to address arguments that Count Three does not raise claims against Howmet or UAW).) Accordingly, to the extent David purports to bring a claim under Count Three against Howmet or UAW, any such claim is dismissed.

Davis does not even allege that she was a candidate in the election. Rather, Davis alleges that it was Fletcher whose rights were violated by the alleged fraud—not hers.[6] Davis has failed to establish that she has standing to bring her claim for election fraud and, for this reason, Count Three is dismissed.

**CONCLUSION**

For all the aforementioned reasons, defendant Howmet's Motion To Dismiss Plaintiff's First Amended Complaint is GRANTED (Doc. 31), defendant UAW's Motion To Dismiss the First Amended Complaint is GRANTED (Doc. 32), and UAW Local 1050's Motion To Dismiss the First Amended Complaint is GRANTED (Doc. 33).

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        United States District Judge

Dated: 3/19/25

---

[6] In her opposition to UAW Local 1050's motion, Davis doubles down on this reality, conceding that any "[r]etaliatory conduct" by UAW Local 1050 was "taken against" Fletcher—not her. Davis maintains, nevertheless, that this retaliatory conduct against Fletcher "does impact and damage" her because Fletcher was identified as a witness for Davis in her present suit. (Doc. 35, at 9.) Davis, however, makes no such allegations in her First Amended Complaint and, as this Court explained earlier, she cannot amend her complaint through her opposition to a defendant's motion to dismiss. *E.g.*, *Bates*, 958 F.3d at 483.